**NOT FOR PUBLICATION**


## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

CESAR OMAR CHAVEZ-JUAREZ,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

Respondent.

No.    14-71635

Agency No. A079-539-229

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2018[**]
San Francisco, California

Before:  THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Cesar Omar Chavez-Juarez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision finding him removable and denying his motion to

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

suppress evidence and terminate proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review de novo the denial of a motion to suppress, and claims of constitutional violations. *Martinez-Medina v. Holder*, 673 F.3d 1029, 1033 (9th Cir. 2011) (citations omitted). We deny the petition for review.

The agency did not err in denying Chavez-Juarez's motion to suppress evidence and terminate proceedings. Chavez-Juarez failed to demonstrate the evidence obtained from the search of his home, his identity, was obtained as the result of an egregious constitutional violation. *See Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1016–18 (9th Cir. 2008) (reasoning that the Fourth Amendment exclusionary rule, which does not generally apply in deportation proceedings, requires administrative tribunals to exclude evidence that was obtained by a deliberate violation of the Fourth Amendment or by conduct a reasonable officer should have known is in violation of the Constitution) (citing *Gonzalez-Rivera v. I.N.S.*, 22 F.3d 1441, 1449 (9th Cir. 1994)). Rather, the record supports the agency's determination that Chavez-Juarez consented to the immigration officers' search of his home, and consented to speak with the officers.

**PETITION FOR REVIEW DENIED.**